

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00134-CR

DARRYLE BRENNAN, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 21-0177X

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

In July 2021, Darryle Brennan, Jr., pursuant to a plea agreement, pled guilty to aggravated sexual assault of a child,[1] and the trial court placed him on deferred adjudication community supervision for a period of ten years. In May 2022, the State moved to revoke Brennan's community supervision and to proceed to an adjudication of his guilt, alleging seven violations of Brennan's conditions of community supervision. Brennan pled true to one of the allegations and, after an evidentiary hearing, the trial court found five of the State's alleged violations true and granted the State's motion. Brennan received a sentence of fifteen years' incarceration.

Brennan appeals his adjudication and sentence.

Appointed counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). In *Anders*, the United States Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, has no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744. By letter, counsel sent Brennan a copy of the clerk's record and the reporter's record and informed him of his right to file a pro se response. This Court notified Brennan that any pro se response was due on or before February 16, 2023. On February 24, 2023, this Court notified Brennan that the case would be submitted on the briefs on March 17, 2023. Brennan did not file a pro se response.

After a thorough review of the record, counsel in this case concluded that there were no non-frivolous issues in Brennan's appeal. Counsel's brief meets the requirements of *Anders* by

---

[1]*See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B).

presenting a professional evaluation of the record that demonstrates why there are no arguable grounds to be advanced. We conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *see also Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).

We must, "after a full examination of all the proceedings . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 82–83 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509–11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438 n.10 (1988). Based on our independent review of the entire record in this appeal, we conclude that the appeal is wholly frivolous. In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. "However, appellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

In its oral rendition of its judgment, the trial court found the State's allegations that Brennan violated conditions 3, 10, 21, 31, and 39 of the conditions of community supervision to be true. It also found the State's allegations that Brennan violated conditions 18 and 19 of the conditions of community supervision not to be true. Nevertheless, the judgment adjudicating guilt recites that "Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows: CONDITION 3, 10, 18,

3

19, 21, 31, 39." Consequently, we will modify the judgment adjudicating guilt by changing the recited entry to read as follows: "Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows: CONDITIONS 3, 10, 21, 31, and 39."

The judgment adjudicating guilt also has an entry under "Statute for Offense" that recites "**22.021(a)(2)(B) Penal Code**." The offense as charged in the indictment, and for which Brennan was found guilty, requires elements in addition to that required under Section 22.021(a)(2)(B) of the Texas Penal Code. The correct statute is Section 22.021(a)(1)(B)(i), (2)(B). Consequently, we will modify the judgment adjudicating guilt by changing the recited entry under "Statute for Offense" to "**22.021(a)(1)(B)(i), (2)(B) Penal Code**."

In the *Anders* context, once we determine that the appeal is without merit, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. 738. Thus, we affirm the trial court's judgment, as modified.[2]

Charles van Cleef
Justice

Date Submitted:     March 17, 2023
Date Decided:       March 20, 2023

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.